IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF ILLINOIS

JACK WADE WARREN,           )
                            )
         Petitioner,        )
                            )
vs.                         )   CIVIL NO. 09-cv-666-JPG
                            )
LISA J.W. HOLLINGSWORTH,    )
                            )
         Respondent.        )

**MEMORANDUM AND ORDER**

**GILBERT, District Judge:**

Petitioner, an inmate in the United States Penitentiary located in Marion, Illinois, (USP-Marion) brings this habeas corpus action pursuant to 28 U.S.C. § 2241 to challenge his confinement in the Communication Management Unit (CMU) at USP-Marion.[1] Petitioner also seeks return of certain legal documents that were taken from him.

Rule 4 of the Rules Governing § 2254 Cases in United States District Courts provides that upon preliminary consideration by the district court judge, "[i]f it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court, the judge shall make an order for its summary dismissal and cause the petitioner to be notified." Rule 1(b) of those Rules gives this Court the authority to apply the rules to other habeas corpus cases. After carefully reviewing the petition in the present case, the Court concludes that

---

[1] In his original petition (Doc. 1), Petitioner also challenged his confinement in the Special Housing Unit (SMU) at USP-Marion on disciplinary charges. However, Petitioner later filed a supplement to his action (Doc. 4) stating that he had been released from confinement in the SH and, therefore, he was no longer seeking habeas relief for that confinement.

Petitioner is not entitled to relief, and the petition must be dismissed.

**THE PETITION**

Petitioner was convicted, after a jury trial, of multiple counts of fraud, conspiracy to commit fraud, threats and threatening communications endeavoring to obstruct the due administration of justice, and obstruction of commerce by extortion and threats of physical violence. *See United States v. Warren,* Case No. 6:95-cr-209-ACC (M.D. Fla., filed Sept. 20, 1995). The United States District Court for the Middle District of Florida, Orlando Division, sentence Petitioner to 211 months imprisonment.

In October 2008, Petitioner was transferred to USP-Marion and placed into the CMU. According to the petition, Petitioner was placed in CMU for two reasons. First, his underlying convictions involved threatening communications and mail fraud. Second, while incarcerated, prison officials had determined that Petitioner had orchestrated a scheme to file fraudulent Uniform Commercial Code financing statements, court filings, and copyright documents making unsupportable and exorbitant financial demands aimed at securing his release from confinement. Based on his convictions and post-incarceration behavior, prison officials concluded that Petitioner's "contact with persons in the community require[d] heightened controls and review" and the CMU was determined to be the place to control and review Petitioner's contact with the community.

In CMU, Petitioner is not allowed "contact visits" and, instead, must sit in a small booth with a glass window and talk to his visitors by means of a telephone. Petitioner is limited to one 15-minute telephone call per week. Petitioner is confined in a unit separate and apart from other inmates in general population and he is not allowed to participate in recreation, gymnasium, dining hall, chapel, mail room, psychology department, laundry, music room, education services, law library,

barber shop, Unicor, or commissary.

In July 2009, while confined in CMU, Petitioner asserts that he prepared a writ of habeas corpus directed to the United States Court of Appeals for the Seventh Judicial Circuit. He alleges that he gave his petition to Scott Wilson for copying. Mr. Wilson, in turn, is alleged to have given the petition to C. Greiner who wrote an incident report against Petitioner for "threatening/extortion-attempt." Petitioner was placed in the Special Housing Unit (SHU). While confined in the SHU, Petitioner was given another incident report for possessing Uniform Commercial Code financing statements. As noted above, Petitioner has dropped his habeas claim concerning his confinement in the SHU. However, Petitioner seeks the return of his legal materials.

In the instant action, Petitioner contends that he was placed in CMU without due process of law. Additionally, Petitioner contends that the regulations relied upon by the Federal Bureau of Prisons to create the CMU were not validly promulgated. For relief, Petitioner seeks his release (and the release of all other inmates) from CMU.

## DISCUSSION

At the outset, this Court must independently evaluate the substance of Petitioner's claim to determine if the correct statute - in this case 28 U.S.C. § 2241 - is being invoked. *Bunn v. Conley*, 309 F.3 1002, 1006-07 (7th Cir. 2002); *Godoski v. United States*, 304 F.3d 761, 2002 WL 31103020 at *2 (7th Cir. 2002) (court must evaluate independently the substance of the claim being brought, to see if correct statute is being invoked). A petition for a writ of habeas corpus is the proper route "[i]f the prisoner is seeking what can fairly be described as a quantum change in the level of custody-whether outright freedom, or freedom subject to the limited reporting and financial constraints of bond or parole or probation." *Graham v. Broglin*, 922 F.2d 379, 381 (7th Cir. 1991).

If, however, the prisoner "is seeking a different program or location or environment, then he is challenging the conditions rather than the fact of confinement and his remedy is under civil rights law." *Id.*; *see also Pischke v. Litscher,* 178 F.3d 497, 500 (7th Cir. 1999). Changes in a prisoner's security level or changes in confinement from one prison to another cannot be attacked using 28 U.S.C. § 2241. *See Bunn,* 309 F.3d at 1008; *DeWalt v. Carter*, 224 F.3d 607, 617 (7th Cir. 2000); *Graham*, 922 F.2d at 381; *Pischke,* 178 F.3d at 499.

In the instant case, Petitioner merely seeks a change in the amount and type of restrictions under which he lives while confined at USP-Marion. Specifically, Petitioner wishes to be freed from the restrictions and limitations imposed on him while housed in CMU in favor of the restrictions and limitations imposed on prisoners held in general population at USP-Marion. Even if Petitioner is relieved of the more onerous conditions of life in the CMU, though, it will not shorten his prison term by a single day. Nor does such a change effect a quantum change in his custody. Petitioner will remain a federal inmate at USP-Marion (or whatever facility he may be transferred to next) until his prison term is served. General population at Marion may be "nicer" than CMU, but USP-Marion is still a prison with cells, bars, and significant restraints on inmates. As such, the instant petition challenges the conditions of Petitioner's confinement*,* not the fact or duration of his confinement. As noted above, a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 is not the proper vehicle for attacking conditions of confinement. Therefore, the petition for a writ of habeas corpus must be summarily dismissed.

While, in the past, courts sometimes construed a mistakenly-labeled habeas corpus petitions as a civil rights complaint, *see, e.g., Graham*, 922 F.2d at 381-82 (collecting cases), the Seventh Circuit has held that district courts should not due this. *Bunn*, 309 F.3d at 1007; *Moore v.*

*Pemberton*, 110 F.3d 22, 24 (7th Cir. 1997). It would be particularly inappropriate to recast Petitioner's action here, because Petitioner would face obstacles under the Prison Litigation Reform Act, Title VIII of Pub.L. No. 104-134, 110 Stat. 1321 (effective April 26, 1996). *See generally* 28 U.S.C. § 1915. Specifically, Petitioner is responsible for paying a much higher filing fee. Furthermore, Petitioner might be assessed a "strike" if the Court determined that Petitioner's action (or any portion of it) was frivolous, malicious, or failed to state a claim upon which relief may be granted. 28 U.S.C. § 1915(g). Therefore, the Court will not re-characterize the instant habeas petition as a complaint under the civil rights act.

### DISPOSITION

In summary, the instant petition seeks relief that is not available under 28 U.S.C. § 2241 and, therefore, the petition is summarily **DISMISSED,** with prejudice. All pending motions are **DENIED** as moot.

**IT IS SO ORDERED**.

**Dated: 12/11/2009**

                                          s/ J. Phil Gilbert
                                          **U. S. District Judge**